## PFLUM v. SPENCER.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. LANDLORD AND TENANT—LEASES—CONSTRUCTION — RENEWAL — RIGHT OF LESSEE TO PURCHASE PREMISES.

A lease for a year provided for a renewal for a year by a further lease containing like agreements and covenants as in the first, on condition that the lessee should give 60 days' notice in writing of her desire to avail herself of the option of renewal. The lease also provided that the lessor would sell the premises to the lessee for a specified price, except that, in case the lessee should give the 60 days' notice of her intention to renew

and the lessor or her husband should "die during said 60 days before expiration of the term herein granted," then the lessor or her executors might upon obtaining a bona fide purchaser for the premises, sell them, after having first given the lessee the opportunity to purchase them at the price offered by the prospective purchaser. The lessee had the lease renewed, and 60 days before the expiration of the second term gave notice of her election to purchase the premises on the terms agreed upon in the lease. *Held*, that the renewal of the lease embraced all its covenants and agreements except that of renewal, and included the provision for the sale of the premises to the lessee.

**2.** SAME.

The phrase "die during the said 60 days before the expiration of the term herein granted" contemplated that the 60 days' notice of intention to renew should be or run during the last 60 days of the term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 292.]

**3.** SAME.

The right of the lessee to purchase at any time during the first year was restricted after renewal, so that if the lessee did not purchase during the first year, but instead gave the 60 days' notice of her intention to renew the lease, and the lessor or her husband died during the last 60 days of the first year, she or her executors might, at any time before the lessee exercised her option to buy, sell the property, but not until the offer therefor had been first submitted to the lessee and she had been given an opportunity to purchase at that price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 292.]

Appeal from Special Term, Kings County.

Action by Annie Pflum against Laura L. Spencer. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

The defendant let certain premises to the plaintiff for one year from November 1, 1904, by a written lease, which contained the following clauses, viz.:

"And it is further agreed by the party of the first part that she will grant a further lease of the aforesaid premises for a term of one year commencing at the expiration of the term herein granted at the same yearly rental and containing like agreements and covenants as in these presents contained conditioned upon the party of the second part giving to the party of the first part sixty days' notice in writing of her desire or her intention to avail herself of said option of renewal.

"And it is further agreed that the party of the first part hereby agrees to sell the premises herein described to the party of the second part for the sum of ten thousand, five hundred dollars ($10,500), or the house and three lots or sixty feet of the herein let premises for $8,500.00 except that should the party of the second part give the requisite sixty days' notice in writing to the party of the first part of her intention to avail herself of the option of renewal and should the party of the first part or her husband die during said sixty days before expiration of the term herein granted, then the party of the first part or her executors may, upon obtaining a bona fide purchaser for the said premises, sell the same after having first given party of the second part the opportunity to purchase them at the price offered by such bona fide purchaser."

The plaintiff gave the sixty days' notice in writing of option to renew for another year in due time by the following letter, viz.:

"New York, Aug. 25, 1905.

"Dear Mrs. Spencer: Owing to the unsettled condition of my business affairs, I have decided not to conclude the matter of purchasing your property at this time, as I may be called West before next year, and I would not care to have any entanglement which would bind me to the East. However, I de-

sire to renew my lease for another year as provided therein. In this connection, Mr. Washington Smith will call on you at your convenience.

"Please advise when it will be convenient for him to call, and very much oblige,

"Respectfully yours, H. D. Pflum."

On August 31, 1906, the plaintiff gave written notice to the defendant of her election to purchase the premises on the terms agreed upon in the said lease, and that she required the defendant to deliver to her a conveyance thereof.

The defendant refused, and this suit was brought to compel her to make such conveyance.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Samuel M. Richardson, for appellant.
Claude V. Pallister, for respondent.

GAYNOR, J. The renewal of the lease embraced all of the covenants and agreements of the lease, except that of renewal, for otherwise the right of renewal would be perpetual. The clause in the lease by which the lessor agrees to sell the demised premises to the tenant for $10,500 was therefore renewed. But such clause does not provide the same in terms for the renewed year as for the first year, as you perceive on perusing it. It gives the tenant the option to purchase at any time during the first year, but this option is restricted and may be put an end to during the second year. The option of purchase continues during the second year, it is true, but with the modification, that if instead of purchasing during the first year, the tenant gives the required notice of sixty days before the expiration of the first year, of a renewal of the lease for another year, and should the lessor or her husband "die during the said sixty days before the expiration of the term herein granted," then she or her executors "may upon obtaining a bona fide purchaser for the said premises sell the same after having first given the party of the second part" (i. e., the tenant) "the opportunity to purchase them at the price offered by such bona fide purchaser." The phrase "die during the said sixty days before the expiration of the term herein granted," contemplates that such notice of sixty days shall be or run during the last sixty days, i. e., the sixty days before the expiration of the term, and thus understood becomes entirely plain. It simply means that if the lessor or her husband die during the last sixty days of the term, and the word "said" is meaningless.

The effect of this is that the tenant may at any time during the renewed year exercise the option of purchase for $10,500, except that if the lessor or her husband has died during the last sixty days of the first year, she or her executors may, at any time before the tenant has exercised such option, sell the property, but not until the offer therefor has been first submitted to the tenant, and she has been given opportunity to purchase it at that price. In this way the option of purchase given her in the lease may be brought to an end. This being the interpretation of the clause giving the option to purchase, there is no occasion to try to change "and" to "or" in the phrase "and should the party of the first part or her husband die," etc. The said purchase

·clause has a clear meaning as it reads with the word "and," and would have the same meaning if we changed "and" to "or"; which is at once .perceived if the tenant's option to purchase continues during the second year until it is ended by the lessor submitting to the tenant an offer from another purchaser and selling to him if the tenant will not take the property and pay the amount of his offer. If we were to change ·the reading to be that if the tenant serve the notice of sixty days for a renewal, "or" the lessor or her husband die during such sixty days, ·the lessor or her executors shall have a right to end the tenant's option by getting a purchaser, and requiring the tenant to take the property .at his offer, we would have the same case, i. e., that the tenant—the plaintiff—exercised the option given her by the lease to purchase before the lessor received an offer from any one else.

As the lessor never submitted an offer from any other purchaser :to the tenant, she exercised the option to purchase at $10,500 in time. The judgment should be reversed. All concur.