(59 Misc. Rep. 28.)

MATTLAGE v. McGUIRE.

(City Court of New York, Trial Term. April, 1908.)

1. LANDLORD AND TENANT—LEASE—RENEWAL.
　　Where a written lease contained a covenant of renewal, a new lease for the further term is unnecessary in order to bind the parties.

2. SAME—EXTENSION OF LEASE.
　　A written lease for five years contained a covenant for a further lease for six years at an advanced rent, on notice by the tenant that he desired a continuation of the lease. The tenant gave the notice and remained in possession, paying the advanced rent. *Held* to constitute an extension of the original term and a "further lease" provided for in the covenant.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 271–275.]

3. SAME—"LEASE."
　　The indenture or writing is the evidence of the lease, though the term "lease" is sometimes used to designate the writing or instrument.
　　[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4043–4049; vol. 8, pp. 7702–7703.]

Action by Charles F. Mattlage against Michael McGuire. Verdict for plaintiff. Motion to set aside verdict and for a new trial denied.

Olcott, Gruber, Bonynge & McManus (Theodore B. Chancellor, of counsel), for plaintiff.

William F. Walsh, for defendant.

O'DWYER, C. J. The lease in question was made on January 20, 1898, for a term of five years commencing February 1, 1898, at a yearly rental of $6,000, to be paid in equal monthly payments in advance, and contained the following covenant:

"And it is further covenanted and agreed by the party of the first part that party of the second part may have a further lease of the premises hereby demised for a period of six years from February 1, 1903, at a yearly rent or sum of six thousand and five hundred dollars ($6,500), provided said party of the second part gives to party of the first part written notice of his desire to have such lease on or before December 1, 1902."

It is conceded that prior to December 1, 1902, the defendant gave notice of his desire to avail himself of the privilege contained in the clause above set forth for an extension, renewal, or further lease of said premises, and that the plaintiff acknowledged the receipt of such notification. It is further conceded that after February 1, 1903 (the time when the original five years' term expired), the defendant continued in possession of the premises, paying rent to the plaintiff at the increased rate of $6,500 per year; that the rent was so paid to and including the month of November, 1906; that either the defendant, or the defendant's wife as his assignee, continued in possession of the premises until about the middle of January, 1907, when they abandoned said premises.

Defendant insists that the covenant for renewal in the lease in question specifically calls for the execution of a new lease for the further period of six years, and that defendant was entitled to a formal lease in writing for such further period; that a further term for six years could be created only by a written lease. If that was the language of the covenant, the defendant's position would be much stronger than it is. The language of the covenant in fact is "that party of the second part may have a further lease of the premises hereby demised for a period of six years from February 1, 1903, at a yearly rent or sum of sixty-five hundred dollars ($6,500)." The cases where, under similar covenants, the courts have decreed by way of specific performance that the party is entitled to a new lease, do not necessarily hold that a new indenture of lease is necessary in order to bind the parties. The defendant, having notified plaintiff that he desired a continuation of the lease, as provided for by the covenant contained herein, and having remained in the premises after February 1, 1903, paying rent to the plaintiff at the increased rate, was bound for the full renewal period as effectually as though a new indenture of lease had been executed. Probst v. Rochester Steam Laundry Co., 171 N. Y. 584, 64 N. E. 504; Pflum v. Spencer, 123 App. Div. 742, 108 N. Y. Supp. 344. It is clearly established that the defendant did desire the lease for the further period, that he duly gave notice to that effect, and that both parties considered that everything necessary had been done to extend the lease for the renewal period, because they continued on for almost three years of such renewal period; the defendant holding possession of the premises and paying the rent to the plaintiff at the increased rate. One of the definitions of the word "lease" is "any tenure by grant or permission; the term of duration of such tenure; any period of time allotted for possession." Standard

Dictionary. The indenture or writing is the evidence of the lease, although the term "lease" is sometimes used to designate the writing or instrument. When the defendant served due notice upon the plaintiff of his desire to have such further lease, and remained in possession and paid the rent at the rate fixed for the renewal period, an extension of the term for the additional six years was effectuated, and such extension constituted the "further lease" mentioned in the covenant.

Motion to set aside the verdict and for a new trial denied.

Motion denied.