GOODFIELD REALTY CO. v. BODEN.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. LANDLORD AND TENANT (§ 88*)—LEASE—REQUISITES OF CONTRACT—OFFER AND ACCEPTANCE.

In response to a letter from an agent inquiring of a tenant whether he intended to renew his lease in accordance with its terms, and informing him that the landlord was prepared to make any necessary repairs immediately, the tenant replied that the terms were satisfactory and that the only repairs necessary would be the putting in of a refrigerator, which he would prefer not to have done until after a certain date. Held to constitute a valid contract for the leasing of the premises for another year.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 279; Dec. Dig. § 88.*]

2. LANDLORD AND TENANT (§ 230*)—AMENDMENT OF COMPLAINT.

In an action on a lease contract, plaintiff should be allowed to amend his complaint as to the amount agreed to be paid as rental, where the amendment was reasonable and did not affect the issue.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 230.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Goodfield Realty Company against James S. Boden on a lease contract. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Ernst, Lowenstein & Cane (M. H. Cane and Henry Siegrist, Jr., of counsel), for appellant.

Wallace N. Vreeland, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GOFF, J. The following letters passed between plaintiff and defendant:

"June 10, 1908.

"Mr. Boden: The rental for your apartment for the coming year has been fixed at $780 by the owner. If it is your intention to renew on those terms, kindly advise us at your earliest convenience, and any repairs that may be necessary we are prepared to do immediately."

"June 16, 1908.

"Messrs. * * *: I have yours of 10th inst. relative to the rental of the sixth apartment north, No. 2465 Broadway. Your terms as specified in that communication are perfectly satisfactory, taking effect October 1, 1908. The only repairs necessary will be to put in a new ice box or refrigerator. I would prefer not to have this done until after the 1st of September as I am going out of town to remain until that time."

At the time of writing, the relation of landlord and tenant existed; defendant occupying the apartment under a lease in writing which specified the rent at $720, payable monthly in advance, and contained this clause:

"The party of the first part hereby gives the party of the second part the privilege to renew this lease for one year more at $65 a month."

When this lease was put in evidence there appears to have been some uncertainty as to whether it was admitted for a limited purpose, but later in the trial the justice said:

"There is no question at all but that this lease contains a renewal clause."

Later he qualified that by stating that it was merely an option extended to the tenant. Whatever it may be, the clause was properly considered in evidence. It is unnecessary to consider the somewhat lengthy correspondence which ensued between the parties, for the question to be determined is: Did the letters quoted constitute a contract for the leasing of the apartment for one year?

The learned trial justice ruled that it did not, and at the close of the plaintiff's case dismissed the complaint and directed a verdict for the defendant. In this we are of opinion he erred. It must be borne in mind that the defendant was a tenant, with a privilege of renewal at a specified rent. He might have written to plaintiff that he exercised his privilege of renewal, and whether plaintiff acquiesced or not would make no difference, for he had by the existing lease given to defendant this privilege, and its exercise evolved a right. Plaintiff had a right to ascertain, if he could, whether defendant intended to renew, and for this purpose he inquired:

"If it is your intention to renew on those terms, kindly advise us."

The terms were those specified in the renewal clause, and the defendant replied:

"Your terms as specified * * * are perfectly satisfactory, taking effect October 1, 1908."

That there was a complete accord on the renting of that apartment for another year is manifested by the language of the parties. Suppose defendant had written, "The terms specified in renewal clause are perfectly satisfactory, taking effect October 1, 1908," would not that be a

clear expression of his intention to renew? And this language, if not verbally, is substantially, the same as what was used. Added significance attaches to the fact that he wrote in answer to a question, "If it is your intention to renew, etc., advise us;" and he did advise by saying, "Your terms * * * are perfectly satisfactory," etc. If he had written the simple word "Yes," it would have conveyed the same meaning, and carried with it the same binding force, as the words "perfectly satisfactory," and vice versa. There is no equivocation. Nothing is left to be done in the future. No condition is attached. No terms remain unsettled. It was simply the case of a landlord asking his tenant if he would hire the apartment for another year at an increased rental and the tenant saying that he would.

The defendant lays stress upon the contention that the plaintiff agreed to do certain repairs, and that because of his failure defendant refused to continue his occupancy. But the making of these repairs was not conditional. It is true that plaintiff wrote he would immediately make any repairs that might be necessary, and the defendant wrote that the only repair necessary was to put in an ice box, but requesting that this be not done until after the 1st of September. Had the defendant written, in substance, that he would renew on those terms, provided certain repairs were made by a specified time, a different question would have arisen; but in its present form no other answer can in reason or law be made than that the two letters, read together and considered in connection with the existing lease, constitute a valid contract for the leasing and hiring of the apartment for one year.

The amendment of the complaint to read $65, instead of $60, a month, was reasonable, and should have been granted, as it did not change or affect the issue. The case of Sherry v. Proal, 125 App. Div. 508, 109 N. Y. Supp. 1008, is not applicable. There the question turned on the weight of oral evidence as to whether there was a hiring. Here there is no dispute on the written evidence. The cases cited on respondent's brief have been examined, and none of them are square on the facts or apply in principle.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.