(93 Misc. Rep. 83)

### FINN v. KRIEGER SHOE CO.

(Supreme Court, Appellate Term, Second Department. December Term, 1915.)

1. LANDLORD AND TENANT ⟨⟨⟩⟩86—OPTION FOR RENEWAL—CONSTRUCTION.

Under a lease providing that, on expiration of the term of three years, the lessee should have an option to obtain a further lease for a period of five years upon the same terms, upon giving specified notice, the lessee could not demand that the lessor's husband join in the renewal lease, that such lease be made to its nominee, or that it contain new and similar option for a further lease of five years, as the exercise of the option renewed all of the terms of the old lease, except that of the option itself.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 270–275; Dec. Dig. ⟨⟨⟩⟩86.]

2. LANDLORD AND TENANT ⟨⟨⟩⟩86—OPTION OF RENEWAL—"LEASE."

In such provision, the word "lease" meant a term of an estate for years, as distinguished from the written evidence of one, commonly called an "indenture of lease," or a "lease."

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 270–275; Dec. Dig. ⟨⟨⟩⟩86.

For other definitions, see Words and Phrases, First and Second Series, Lease.]

3. LANDLORD AND TENANT ⟨⟨⟩⟩114—TERMINATION—HOLDING OVER—RIGHTS OF PARTIES.

A tenant, on expiration of his term, must vacate the premises, and upon his failure to do so the landlord, by way of penalty, may evict, or compel

him to hold over for another year, subject to the provisions of the former lease, except as to length of term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 373–381; Dec. Dig. ☞114.]

4. LANDLORD AND TENANT ☞86—OPTION TO RENEW—EXERCISE.

Under a lease for three years at an annual rent of $3,600, providing that at its expiration the tenant should have an option to obtain a further lease for five years on the same terms upon giving specified notice, the tenant's notice of his desire to renew the lease for five years, together with his act in remaining in possession of the premises and paying the rent for two years after the expiration of the first lease, constituted an election to remain in possession for five years at the same rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 270–275; Dec. Dig. ☞86.]

5. WITNESSES ☞406—CREDIBILITY—IMPEACHMENT—DECLARATION OF PARTY.

In an action for rent, based on a written lease for three years at $3,600 a year, and a renewal under a provision that the lessee might on expiration of the term have a further lease for five years on the same terms, upon giving specified notice exclusion of a complaint in an action by third party against the lessor for commissions, based upon the exercise of the option in the lease, alleging that the option of renewal had been exercised, and that the lessee's successor had continued as a tenant, and that the lessor was collecting rent, and the answer, denying the allegation, was erroneous, because it was a declaration of the lessor tending to impeach her credibility.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1276–1279; Dec. Dig. ☞406.]

6. APPEAL AND ERROR ☞1057—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Such error was not prejudicial, in view of other facts in the case determining the lessee's liability.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. ☞1057.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Grace L. Finn against the Krieger Shoe Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued November term, 1915, before MADDOX, KAPPER, and KELBY, JJ.

Henry L. Brant, of New York City, for appellant.
Everett Greene, of Brooklyn, for respondent.

KELBY, J. The action is to recover rent, and is based upon a written lease between the parties. The lease is dated August 25, 1909, and lets the premises 285–287 Jay street, Brooklyn, for a term of three years from January 1, 1910, to January 1, 1913, at the yearly rent of $3,600. The lease contains the following clause:

"And the said party of the first part [plaintiff] does further covenant and agree that at the expiration of said term the party of the second part [defendant] shall have an option to obtain a further lease from the party of the second (sic?) part of said premises for a period of five years upon the same terms, provided the said party of the second part shall, prior to three months before the expiration of the said term, give a written notice of its intention to take such a further lease."

The defendant went into possession of the demised premises, and within the time prescribed by the last covenant, viz. on September 30, 1912, sent the following written communication to plaintiff:

"Mrs. Grace L. Finn:   *   *   *   According to the terms of our lease, which ran for three years January 1, 1910, to January 1, 1913, we were to have the privilege of renewing same for five years more at the same time (sic?). We hereby wish to notify you that we desire to renew the lease at the expiration of the three years for another five years.

"[Signed]                          Krieger Shoe Company,
                                     "Raymond Healy, President."

Defendant remained in possession of the premises and paid the rent after the sending of this notice to plaintiff for two complete years after the expiration of the term of the first lease on January 1, 1913, namely, all of the years 1913 and 1914; and while this action is for rent for the month of January, 1915, alone, it will determine the liability or nonliability of the defendant for three years' rent amounting to $10,800.

The defendant's contention is that the phrase "the party of the second part shall have an option to obtain a *further lease* from the party of the first part," upon the giving of notice as provided in the covenant of the first lease, means the written instrument itself, which evidences a grant of a further term of five years. And it further contends, because of the failure to deliver to it a new written instrument granting the further term of five years, the plaintiff has broken her contract, and that therefore the holding over the original term constitutes the defendant a tenant from year to year only. If the defendant's contention be true, there would be no liability, because concededly the tenant vacated before the termination of 1914.

[1] There has been much needless strife between the parties concerning the "new lease." Defendant demanded without any just right that plaintiff's husband join in the lease. Defendant asked that the new lease be made to its nominee, the Healy Shoe Company. Defendant asked that the new instrument grant it a new and similar option for a further lease of five years. It was entitled to compliance with none of these demands. The *Healy* Shoe Company could be made a tenant only with the consent of the plaintiff. The exercise of the option renewed all of the terms of the old lease, except that of the option itself. Pflum v. Spencer, 123 App. Div. 742, 744, 108 N. Y. Supp. 344. See also, Burns v. City of New York, 213 N. Y. 516, 520, 108 N. E. 77.

The defendant then instituted an action (while still in undisturbed possession) against the plaintiff and her husband to compel the execution and delivery of a written instrument evidencing the lease. Plaintiff and her husband defaulted, by failing to appear or answer within 20 days. Application was made for judgment, and opposed on the grounds above recited. Subsequently Mrs. Finn consented to the entry of judgment against her. The offer of judgment was returned on the ground that she was in default. The facts above recited show the acts of the parties subsequent to the written notice, sent by defendant, exercising its option "to obtain a further lease."

[2] The word "lease," as used in the option, means, in my opinion, a term or an estate for years, as distinguished from the written evi-

dence of one, commonly called an "indenture of lease" or a "lease." Was it necessary for plaintiff to do any thing to make this grant to the defendant? That brings us directly to the legal effect: (1) Of defendant's written notice, "We hereby wish to notify you that we desire to renew the lease at the expiration of the three years for another five years;" and (2) of defendant's remaining in possession and paying rent two years beyond the end of the original term.

[3] A tenant, whatever may be the length of the term under which he holds, must at the end of the term vacate the premises. Upon the tenant's failure to vacate, the landlord may evict the tenant, or compel him to hold over for another year, subject to the provisions of the former lease, except as to length of term. "No option is vested in the tenant, and the action of the landlord is by way of penalty; the element of mutuality does not enter into the situation." Kennedy v. City of New York, 196 N. Y. 19, 31, 89 N. E. 360, 25 L. R. A. (N. S.) 847.

[4] The tenant in the case at bar, however, had, in addition to holding over the term and payment of rent beyond the term, served the landlord with notice that it elected to exercise an option for a further term of five years. In this case, therefore, the "element of mutuality" does "enter into the situation." That is the essential distinction between Kennedy v. City of New York, supra, and the case at bar. There can be no doubt that the defendant's acts constitute an election by it to remain in possession for five years additional at the same rent of $3,600 per year. In the case of Probst v. Rochester Steam Laundry Co., 171 N. Y. 584, 64 N. E. 504, it was held that:

"A lessee, who enters into possession of demised premises under a lease for a fixed term, with the privilege of extending it by giving written notice to the lessor, and continues in possession after the fixed term has expired, paying the rent thereafter as it becomes due, thereby elects to exercise the option for an extension of the term."

And this even if the tenant does not give the written notice, because it may be waived by the subsequent acts of the parties. The case of Doyle v. Hamilton Fish Corporation, 144 App. Div. 131, 128 N. Y. Supp. 898, was one involving much the same principles as the case at bar. In that case the option, however, was with the landlord. It was there held:

"The rights of the parties were fixed on November 13, 1907, when the landlord exercised its option and elected to renew the lease. From that date the mutual rights of the parties were established, each being entitled to insist that the other should execute a proper formal grant. After that date the landlord's election, which was not dependent upon acceptance or rejection by the tenant, became irrevocable, except by the mutual agreement of the parties."

To the same effect see Goodfield Realty Co. v. Boden, 116 N. Y. Supp. 703; Mattlage v. McGuire, 59 Misc. Rep. 28, 111 N. Y. Supp. 1083; McAdam on Landlord and Tenant (4th Ed.) § 152 et seq.; Chaplin on Landlord and Tenant, § 288; Kuhlman v. Lemp Brewing Co., 87 Neb. 72, 126 N. W. 1083, 29 L. R. A. (N. S.) 174, and note. It has previously been pointed out herein that the defendant had al-

ready informed the plaintiff the kind of lease it would accept, and the form insisted upon was one to which defendant was not entitled.

[5, 6] The appellant also urges that error was committed by the learned trial judge, in that he excluded from evidence the complaint and answer in an action brought by one Ludden against the plaintiff for commissions based upon the exercise of the option in the lease. That complaint alleged the making and expiration of the lease between plaintiff and defendant; that the lease provided for a renewal; that at the time of the making of the lease defendant agreed that, in the event of the renewal of the lease pursuant to the option contained therein, defendant would pay to Ludden 1 per cent. of the rent to accrue during said optional period, amounting to $180. Defendant admitted all of these allegations in her answer. The complaint then alleged:

"VIII. Upon information and belief that the said option of renewal has been exercised and the Healy Shoe Company, as successor in interest to the Krieger Shoe Company, has since January 1, 1913, and is now continuing as a tenant of said premises 285–287 Jay street pursuant thereto, and the defendant is collecting rent from said Healy Shoe Company thereunder at the rate of $3,600 per year."

Defendant's answer denied the allegations contained in paragraph VIII above quoted. The exclusion of this complaint and answer was error, because it was a declaration of a party to this action which tended to impeach her credibility. But I think it was not prejudicial error, in view of the other facts in the case determining the rights of the parties.

I therefore recommend that the judgment be affirmed, with costs. All concur.