### HUDSON NAV. CO. v. JOYCE.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 51.

1. LANDLORD AND TENANT ⚖️88(1)—LEASE—"RENEWAL."

Defendant, through plaintiff's efforts, secured a ten-year lease of a pier from a city, with the privilege of renewing it for a similar period on giving notice of its desire before the expiration of the lease, and sublet one-half of the pier to another company with a like privilege of renewal. Defendant agreed to pay plaintiff as compensation for his services a certain sum annually during the term of the lease and during the renewal thereof, if renewed. At the end of the term, defendant did not desire to renew, but its sublessee did, and secured a mandatory injunction requiring defendant to give notice of the exercise of its option to renew. While an appeal from that injunction was pending, the parties compromised by defendant assigning its lease to the other company, to whom the city then gave a new lease for ten years on the same terms. Held, that the new lease was a renewal of the original lease; a "renewal" being a revival or rehabilitation of an expiring subject.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 279, 280; Dec. Dig. ⚖️88(1).

For other definitions, see Words and Phrases, First and Second Series, Renewal.]

2. PRINCIPAL AND AGENT ⚖️81(4)—COMPENSATION—RENEWAL OF LEASE.

Though that renewal was not with defendant, so as to entitle plaintiff to his compensation during the extended term, a renewal with defendant was effected when it gave the notice of exercising its option for renewal,

though stating that it was given in obedience to the injunction, and plaintiff's rights to his compensation were thereby established.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 196–198; Dec. Dig. ☞81(4).]

Ward, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by Henry L. Joyce against the Hudson Navigation Company. Judgment for the plaintiff, and defendant brings error. Affirmed.

A corporation, to whose rights the Hudson Navigation Company (plaintiff in error and defendant below) succeeded, received from the city of New York, through the commissioner of docks, a lease dated May 9, 1904, of the wharfage, etc., of certain pier on Manhattan Island for the term of ten years. This lease provided that "if at any time not less than three months before the expiration of the term [of ten years, the lessee] shall give to the [city of New York] notice in writing by service thereof on the commissioner of docks of its desire that this present lease and grant shall be renewed * * * [the city of New York] shall and will again lease, assign, and farm let [the property aforesaid] for a further term of ten years."

This lease had been negotiated by Joyce (defendant in error and plaintiff below) for the purpose of dividing the pier or the use thereof between the predecessor of the Hudson Company and the Central Railroad of New Jersey. Accordingly, and on or about August 5, 1904, the Hudson Company's predecessor, with the consent of the city, subleased (by instrument dated May 11, 1904) one-half of the said pier to the Central Railroad, and in the same document covenanted with that railroad company "that if at any time before the expiration of the term of these presents [i. e., the sublease which was coterminous with the lease by the city] the [Central Railroad] shall give to the [Hudson Company] notice in writing of its desire that this present lease and grant shall be renewed, then and in that case the [Hudson Company] shall and will again lease, demise, and farm let unto the [Central Railroad], for a further term of ten years, the said one-half of said pier."

The pier in question having thus been secured, one-half to the Hudson and one-half to the railroad company, for the same period of ten years, with a covenant on the part of the city to renew at the request of the Hudson Company, and a similar covenant on the part of the latter company to renew at the request of the railroad company—all in accordance with the intent of both corporations in employing Joyce to secure the lease—an agreement was executed between the Hudson Company and Joyce, reciting the substance of the foregoing statement and binding the Hudson Company to pay Joyce, in consideration of his services, $2,200 a year "during the term of said lease of ten years," and further agreeing "that in the event of a renewal of said lease by the city of New York with the [Hudson Company] for a further term of ten years to pay to [Joyce] the sum of $2,200 a year * * * in each and every year during the term of said renewal lease of ten years."

In due time, and in accordance with its contract with the Hudson Company, the Central Railroad notified that corporation that it desired to renew its sublease. The Hudson Company, however, did not wish to use the pier any longer, and declined to exercise the option which it held from the city of New York. Thereupon the Central Railroad began an action in the Supreme Court of this state against the Hudson Company and the city, and therein obtained a preliminary mandatory injunction requiring the Hudson Company to exercise the option aforesaid, upon the ground that by the sublease of 1904 the Central Railroad had an absolute right to enjoy the premises for the period of a renewal lease and the Hudson Company had covenanted to procure for it such right or estate.

In pursuance of this mandate the Hudson Company on July 22, 1914, served upon the then commissioner of docks a formal notification that it did desire

and request "a renewal of its said lease, dated on or about May 9, 1904, * * * under the terms and conditions provided in the said lease." It was stated in this document that the notification was given in pursuance of the injunction aforesaid and under compulsion thereof.

The cause in question then proceeded to trial, and a judgment was entered declaring that the Central Railroad, by its notification of a desire for a renewal of the sublease, had become "absolutely entitled" thereunto, and requiring the Hudson Company to "make, execute, and deliver" to the Central Railroad "such renewal lease for such renewal term." The judgment further required the city of New York to make, execute, and deliver to the Hudson Company a renewal lease for the whole pier in pursuance of the notification or request heretofore referred to and executed under compulsion of the mandatory injunction aforesaid.

This judgment or decree having been entered, and an appeal taken therefrom by the city, the matter was settled between all the parties thereto, and the appeal abandoned. By written stipulation the Hudson Company agreed to assign the lease of 1904, affecting the entire pier property in question, to the Central Railroad, specifically including in such transfer or assignment "all rights which have accrued to the [Hudson Company] under the said lease, including the right or privilege of a renewal term of ten years."

Thereupon Joyce brought this suit, setting forth in substance the proceedings aforesaid, alleging an absolute refusal on the part of the Hudson Company to make any payments to him after the expiration of the original ten-year lease, and demanding judgment for the whole amount of his commission or recompense for the ten-year renewal period, at $2,200 a year. At the close of the testimony both parties moved for a directed verdict. Such verdict was directed for so much of Joyce's annual payment as was due when suit was brought, together with interest. This writ was taken to the judgment entered in accordance with said direction.

Stuart G. Gibboney, of New York City, for plaintiff in error.
Abraham S. Gilbert, of New York City, for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] This action is not on any lease, but solely upon an agreement between the Hudson Company [1] and Joyce, whereby, for good consideration, the latter was to receive certain money annually "in the event of a renewal of said lease by the city of New York with [Hudson Company] for a further term of ten years." The sole question presented is whether *such* renewal ever took place. That there was *a* renewal we do not doubt. The meaning of that word has been considered in Carter v. Brooklyn Life Ins. Co., 110 N. Y. at page 22, 17 N. E. 396, and held to signify the revival or rehabilitation of an expiring subject; a description most appropriate in this case, where the leasehold estate finally vested in the Central Railroad was exactly that created by the lease of 1904, with the reddendum clause changed as contemplated in the original contract. The "renewal" contemplated was something that was to grow out of the original lease, and be governed by its terms, and that is exactly what was finally executed and delivered to the Central Railroad. Equally, if not more, persuasive is the fact that in the terms of settlement of the action promoted by the railroad company all parties thereto called the lease that should be and was

---

[1] The agreement was with the predecessor of this corporation, but for convenience the defendant is named as having been concerned in the matter from the beginning.

delivered a "renewal" of the original; and they must be held to have accurately described their own act.

[2] There remains, however, the objection that such renewal was never made with or to the Hudson Company, and therefore a condition precedent vital to Joyce's claim was never fulfilled. As between the city and the Hudson Company the one thing needful to produce a renewal was the timely service of notice and demand. This was given; and that it required a mandatory injunction to produce it is immaterial, for it is elementary that what was done under the valid and unreversed order of a competent court must be held to have been rightly done, and to be such an act as any well-disposed and honest citizen would be glad to do.

The rights of all parties to the old lease, including the Central Railroad, were fixed when the Hudson Company served the notice of July 22, 1914. Doyle v. Hamilton Fish Corp., 144 App. Div. 135, 128 N. Y. Supp. 898; Mattlage v. McGuire, 59 Misc. Rep. 28, 111 N. Y. Supp. 1083; Underhill, L. & T. p. 1365. But it is said that Joyce was no party to that instrument, and his claim was not advanced by this res inter alios acta. It is true that Joyce's rights depend, not on any estate carved out of the leasehold for him, but on a separate agreement to pay him for procuring the lease; his remuneration to be increased if such estate continued in being beyond the term originally conveyed by the city of New York. There is nothing in the contract with Joyce to the effect that he shall be paid for the renewal term (which grew out of his efforts as truly as out of the original lease) only if the Hudson Company wanted it or enjoyed it. His compensation depends on whether there ever was a renewal of lease *"by the city of New York with the [Hudson Company]."*

It is plain that there was such renewal in legal contemplation the moment the Hudson Company exercised its option, i. e., served the notice of July 22, 1914, for nothing further was necessary to secure the formal paper called a renewal lease. The relations of all parties would thereafter have been the same had no further paper writings ever been executed. Under the contract in suit, Joyce need not care whether the Central Railroad ever got a lease or not, nor whether the Hudson Company assigned anything; it is enough for him that on July 22, 1914, the defendant lawfully assumed the position of the city's tenant for another ten years; that of itself was a "renewal with" the Hudson Company, because then and there the relation of landlord and tenant for the new term sprang into existence. The subsequent apparatus of papers merely made a record of an existing legal relation.

As Joyce's claim became ripe, by the exercise (under lawful and righteous compulsion) of the Hudson Company's option, the judgment below was right, and is affirmed, with costs.

WARD, Circuit Judge (dissenting). The material provision of the agreement of August 4, 1904, between the Citizens' Steamboat Company of Troy and the plaintiff, Henry L. Joyce, is as follows:

"Now, therefore, this indenture witnesseth: That, the said party of the first part, in consideration of the services rendered by the said party of the second part in and about securing said lease from the city of New York, and

in securing the said Central Railroad Company of New Jersey as a tenant for said part of said pier, hereby covenants and agrees to pay to the said party of the second part, the sum of two thousand two hundred dollars ($2,200) a year, during the term of said lease of ten years, in equal quarterly payments in each and every year; *and* the said party of the first part further covenants, in the event of a renewal of said lease by the city of New York with the said party of the first part for a further term of ten years, to pay to the said party of the second part the sum of two thousand two hundred dollars ($2,200) a year, in equal quarterly payments, in each and every year during the term of said renewal lease of ten years."

The plain meaning of the foregoing language seems to me to be that in case of a renewal of the lease to the Citizens' Company it will make the quarterly payments to Joyce. This is also the reasonable construction, because it is difficult to see why the Citizens' Company should agree to pay after it had, by assignment or otherwise, lost all enjoyment of or interest in the premises. At the expiration of the original lease, the Citizens' Company had been wound up and dissolved, so that no renewal ever was made or could have been made to it. Therefore I think no cause of action ever accrued to the plaintiff under the agreement.

The Hudson Navigation Company, however, had by virtue of an independent agreement assumed all obligations of the Citizens' Company, and as assignee of the original lease was bound to renew the sublease of the south half of the pier to the Central Railroad Company of New Jersey. It could not do this without getting a renewal from the city. Assuming, for the purposes of argument, that it would have been liable to Joyce if it ever did get such a renewal, it never did get one Its notice to the city of intention to renew, or its liability to the Central Railroad Company to renew, the sublease, or the judgment in the state court that the city should renew, do not constitute a renewal. So it is equally beside the point that the state court might eventually have compelled a renewal. It never did. The parties to the suit, notwithstanding the judgment, could agree upon a wholly different settlement without consulting the plaintiff, Joyce, and pending the appeal of the city from the judgment, they did so; the Central Railroad Company of New Jersey taking from the city a lease of the whole pier at the agreed advance of rent and upon certain other different considerations, while the Hudson Navigation Company stepped out entirely.

As there never was a renewal of the lease to the Citizens' Company, or to the Hudson Navigation Company, I think the plaintiff had no cause of action, and that his complaint should have been dismissed.