GEORGE MASSET, Plaintiff, v. CLARA RUH, Defendant.

(Supreme Court, Kings Special Term, May, 1921.)

Landlord and tenant — option to purchase premises must be exercised during term of original lease and not of renewal lease — specific performance not decreed where option exercised during renewal term.

    There is a clear distinction between a renewal of a lease on the same or similar terms and conditions as are contained therein, and a new lease containing like agreements and covenants.

    By a three years' lease the tenant was given an option for a renewal for a like term upon "the same terms and conditions" and also an option to purchase the leased premises and those adjoining "at any time during the term and existence of lease." The tenant during the renewal term, but not before, gave the notice provided for by the lease, of his election to exercise the option of purchase and tendered the purchase price, which was refused. *Held*, that the tenant not having within the term of the original lease exercised the right to purchase which was an independent covenant collateral to the demise, though contained in it, the landlords were entitled to judgment in an action to compel specific performance of the option.

ACTION for specific performance.

Charles Pearl, for plaintiff.

Nicholas Dietz, for defendant.

BENEDICT, J. This is an action for specific per-
formance. Defendant and her husband, now deceased,
being owners of premises Nos. 291 and 295 Ridgewood
avenue, Brooklyn, made a lease of premises numbered
295 Ridgewood avenue to plaintiff to be used for
garage purposes for the term of three years from
August 15, 1916, at a rental of $540 a year. This lease
contained an option for a renewal in the following
words: " Option for renewal for 3 years from expira-
tion of lease on the same terms and conditions." It
also contained a clause as follows: " The Parties of
1st part gives the party of 2d part the right and option
to purchase the premises Nos. 291 and 295 Ridgewood
Ave. for the sum of $10,000 at any time during the
term and existence of lease." The lessee did not exer-
cise the option to purchase during the original term,
but did exercise the option to renew the lease, and
now, during the renewal term, he has given notice of
his election to exercise the option to purchase the
demised premises and the adjoining premises No. 291
Ridgewood avenue. He has tendered the purchase
money to the defendant, who has refused to grant the
fee of the property, claiming that the option to pur-
chase could be exercised only during the original term
of the lease. Hence plaintiff seeks to compel, through
an action for specific performance, a conveyance of the
property. When the original lease expired on August
15, 1916, the plaintiff continued in possession of the
demised premises, after having given notice of his
election to renew the lease, and has continued in pos-
session down to the present time, paying rent as origi-
nally reserved.

The plaintiff contends that the renewal of the lease
extended the period of the option to purchase the
premises, and he relies principally upon the case of
*Pflum* v. *Spencer,* 123 App. Div. 742. He claims that

this case involved the "exact question" which is here presented, but I find myself unable to agree with him in this regard. In the *Pflum* case the option of renewal read as follows: "And it is further agreed by the party of the first part that she will grant a further lease of the aforesaid premises for a term of one year commencing at the expiration of the term herein granted at the same yearly rental and containing like agreements and covenants as in these presents contained conditioned upon the party of the second part giving to the party of the first part sixty days' notice in writing of her desire or her intention to avail herself of said option of renewal." The distinction between that option and the one in the present case rests upon the words "*and containing like agreements and covenants as in these presents contained.*" In the present case, as has been noted, the clause read: "Option for renewal for 3 years from expiration of lease *on same terms and conditions.*" There is a clear distinction, it seems to me, between a renewal on the same or similar terms and conditions as are contained in a lease and a new lease containing like agreements and covenants. The right to purchase the demised premises and the adjoining premises was not a term or condition of the demise. It was an independent covenant collateral to the demise and contained in it. It was what Chancellor Kent described as an "accidental covenant" and not an essential part of the lease. See *Rutgers* v. *Hunter,* 6 Johns. Ch. 215. I am therefore constrained to hold in the present case that the plaintiff, not having exercised the option to purchase within the term of the original lease, is not entitled to equitable relief of the nature sought in this action.

Judgment for defendant accordingly, with costs.