GREENPOINT NATIONAL BANK OF BROOKLYN, Respondent, v. CHARLES L. GILBERT, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ.

In the Matter of the Petition of ABRAHAM GELMAN and EDWARD SPIEGEL, Appellants, Respondents, as Stockholders of the ALLIED CLEANING AND DYEING CORPORATION, to Vacate and Set Aside the Election of I. SIMON, as a Director of Said Corporation, etc. ALLIED CLEANING AND DYEING CORPORATION and Others, Respondents, Appellants.— Order affirmed, without costs to either party as against the other. No opinion. Blackmar, P. J., Rich, Kelly, Manning and Young, JJ., concur.

In the Matter of the Petition of IRVING NATIONAL BANK, NEW YORK, etc., to Render and Settle Its Account as Executor, etc., of JOHN H. BAILEY, Deceased, etc.— Decree of the Surrogate's Court of Kings county affirmed upon reargument, with costs to respondent and special guardian payable out of the estate. No opinion. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur. [See 203 App. Div. 863.]

In the Matter of an Application for the Judicial Construction of the Last Will and Testament of CHARITY C. MOULD, Deceased.— Decree of the Surrogate's Court of Westchester county affirmed, with costs to the respondents payable out of the estate. No opinion. Blackmar, P. J., Rich, Kelly, Manning and Young, JJ., concur.

HERBERT S. JANES, Respondent, v. LAUREL RIVER LOGGING COMPANY, Appellant.— Judgment and order reversed on the law, and new trial granted, with costs to abide the event, on the ground that the contract is definite on its face, and that the evidence offered is not admissible to alter or change the effect thereof; that plaintiff was to be paid a commission on the gross selling price of the timber, but in place thereof he has recovered judgment based upon an estimate made by some other person upon the amount of timber on the property. Blackmar, P. J., Kelby and Young, JJ., concur; Kelly and Manning, JJ., dissent and vote to affirm.

JOHN JORDAN, Respondent, v. UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Appellant.— Judgment reversed on the law, and new trial granted, with costs to abide the event. The main charge of the learned trial justice was erroneous in that it permitted the jury to find that if the injury happened through the breaking of the brow, even without negligence on the part of the defendant, the plaintiff was entitled to recover, and the subsequent charge of the court upon request of counsel did not properly cure the error. In view of the closeness of the issue of fact, the jury were entitled to a clear charge on the principles governing the determination of the issues. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

EDWARD LEWIS, Appellant, v. FRANCIS A. LUDLAM, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Defendant's proposed finding of fact, numbered VI, is found, on authority of *Masset* v. *Ruh* (202 App. Div. 522). Present — Blackmar, P. J., Rich, Kelly, Manning and Young, JJ.