## Cawthon v. McAlister.

(Decided January 14, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Contracts—Contract's Nature Depends on its Terms, Not its Name. —Nature of contract depends, not on its name, but on its terms.
2. Landlord and Tenant—Contract Leasing Property for 52 Weeks, and Granting Lessee Option to Purchase it at End of 53 Weeks, Held "Lease with Option to Purchase"—"Contract of Sale"—"Option."—Contract leasing premises for 52 weeks, and granting lessee option to purchase at end of 53 weeks, held a "lease with option to purchase" and not a "contract of sale;" an "option" being not a sale but a right to exercise a privilege resulting in binding contract only when privilege is exercised.

WM. T. BASKETT for appellant.

MARY B. PFEFFER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

This is a proceeding under the Declaratory Judgment Act to construe and determine the rights of the

parties under an instrument denominated "a lease with option to purchase." By its terms the lessor leases certain property to the lessee and the lessee agrees to pay rental at the rate of $4.00 a week for a period of 52 weeks. In addition to the usual provisions contained in an ordinary lease, the contract contains the following provision:

"In consideration of the payment of such agreed rental for a period of fifty-two (52) consecutive weeks and of the full compliance with all the terms of this lease, and in further consideration of the payment of the sum of one hundred ($100.00) dollars cash in hand paid, the receipt of which is hereby acknowledged, the lessor grants to the lessee the option to purchase said property at the end of fifty-three (53) weeks from the date hereof, for the sum of six hundred and ninety-two ($692.00) dollars, either cash or on bond-for-deed, at the option of the lessee; if purchased by bond-for-deed same shall be executed on the following terms and conditions, viz."

Following this is the form of contract to be executed.

The trial court held that the contract was a mere lease with option to purchase, which option the lessee might exercise at the end of the year, provided he had paid the stipulated rent for the full term of one year, but that upon his failure to pay the rent the lessor might dispossess him by writ of forcible detainer. The lessee has appealed.

Appellant insists that the name given by the parties to the instrument is not controlling, and that it is in effect a contract of sale by which he acquired an interest in the property, and that the only way he can be dispossessed is through an action by appellee to enforce his lien. It is true that the nature of a contract depends not on its name but on its terms, but when its terms conform to its name there is no room for dispute. The contract in question not only purports to be "a lease with option to purchase," but its provisions are not susceptible of any other construction. In the first place it is a lease with the usual provisions. In addition to this, in consideration of the payment of $100.00, and the stipulated rent, and of a full compliance with all the terms of the lease, it gives to appellant the option to purchase the property at the end of 53 weeks for the sum of $692.00. An option is not

a sale, but a right to exercise a privilege, and only when that privilege has been exercised in the manner provided in the agreement does it become a binding contract. Barnes v. Rea, 219 Pa. 279, 68 A. 836. That being true, the contract in question can not become a binding contract of sale unless the option is exercised. Until then it is a mere lease, and the law of landlord and tenant is controlling. Such being the view of the trial court, it follows that the judgment is correct.

Judgment affirmed.