## Good et al. v. Evans et al.

Feb. 29, 1944.

Robert J. Watson for appellants.

James M. Gilbert for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

There are two phases of this case. The first involves a lease contract, with an option of purchase, on a small triangular piece of land owned by the appellees, and which adjoins an old roadbed and a 10-acre tract of land owned and used by the appellants as a tourist camp. The second phase of the case involves a passway leading from another tract of land owned by the appellees through the land of the appellants. Judgment went for the appellees in each instance; hence this appeal.

In 1933, the appellees leased the small triangular tract of land to one of the appellants for a five-year period for a consideration of $25. The lease contained this provision.

"And it is agreed by all of the parties that at the end of five years from this date that upon the further payment to them by the said second party, or anyone for him, of the sum of $25.00 that they and each of them, their heirs, administrators or representatives, will execute to the said Oscar Arnold or anyone duly representing them a deed of conveyance to all of the said land with general warranty of title."

It was some months after the expiration of the five-year period before discussions between the parties took place concerning the purchase of the land in question. There is sharp conflict in the evidence as to the nature and extent of these discussions, but, finally, the parties fell out, fences were cut and the passway was fenced. This litigation followed. There is considerable argument as to whether the appellants made a legal tender of the $25 referred to in the option provision, but we deem it unnecessary to enter upon a discussion of that question, since we are of the opinion the option was not exercised in due time. As pointed out in Rounds v. Owensboro Ferry Company, 253 Ky. 301, 69 S. W. (2d) 350, contracts creating leases are exceptions to the general rule in that time is the essence thereof both in law and equity. The contract in question provided that, at the end of the five-year period, a deed would be executed upon the further payment of $25. It is clear from the evidence it was some months after the expiration of the lease before the question of purchase arose. That was too late.

The appellees alleged they were entitled to a passway through the lands of the appellants by virtue of a

reservation in a deed in favor of their predecessors in title. The passway reserved was a 20-foot road running east and west about the middle of the 10-acre tract. The petition went on to recite, however, that they were entitled to a free and unobstructed use of a passway across the property of the appellants, and in open violation of that right the way had been fenced and the appellants had refused to permit them to pass over their property. The position of the appellants was that the appellees were entitled to the way reserved in the aforementioned deed, but the way which had been fenced was not the reserved one. It seems the larger tract of land owned by the appellees lies near the head of a small valley surrounded on three sides by mountains. The 10-acre tract owned by the appellants extends along the highway completely across the lower end of the valley. Thus, the only manner in which the appellees can go to and from their property is across the land of the appellants. The proof showed that for many years a roadway had been maintained across the appellants' land. Indeed, when they fenced their tract, they erected gates across the passway. It is quite obvious that at all times the way used by the appellants and their predecessors in title was the one across which the gates were placed, and also the one across which the appellants erected fences before this litigation began. We believe the allegations in the petition were sufficient in so far as the passway was concerned. True it is, reference was made to the reserved way, but that merely showed the basis upon which the appellees claimed an outlet. As heretofore mentioned, other parts of the petition referred to the actual way which they had been using. The way, which was fenced, was so well established the chancellor found as a matter of fact that it had been maintained as a public way for more than 40 years. Under the circumstances we believe he properly adjudged the appellees had a right to use the way in question.

It follows from what has been said that the judgment should be and it is affirmed on both phases of the case.