## Carter et al. v. Frakes.

November 8, 1946.

C. C. Adams for appellants.

Sawyer A. Smith and R. L. Vincent for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

The chancellor decreed that appellants should upon payment of $14,000, execute and deliver to appellee (plaintiff below) a deed conveying title to a business

house located in Williamstown. Appellee by petition seeking a declaration of rights set up the contract showing that the rental period was from June 4, 1937 for five years at an annual rental of $1,200, payable in monthly installments. Two clauses of the contract read:

"Said lessor grants unto said lessee the option of *renewing* the lease for a further term of five years, commencing on the expiration date of the term aforesaid and ending on the 4th day of June 1947, for the same annual rental, payable monthly, as herein provided.

"As part consideration of this lease and the further consideration of the partnership settlement entered into between the parties hereto, the right and option is hereby given to lessee to purchase the above described premises at any time up to June 4, 1942, for the sum of $14,000, and the said lessor agrees to convey said premises by a good and sufficient deed of general warranty within said period upon the payment of said sum."

Bearing on the question from the standpoint of appellant, it is noted that the contract provided that the lease should be void if the property be destroyed by fire or become untenantable; required lessee to maintain and return the property in as good condition as when received, etc., and for surrender upon failure to meet regular payments of rent.

On March 9, 1942, appellee wrote lessors: "I hereby give you notice that pursuant to the terms of the contract of lease of date May 28, 1937, between myself and M. E. Carter, now deceased, I hereby give you written notice that I desire to and do exercise my option of renewing this lease for a further period of five years, and do hereby notify you that I am renewing this lease for the further period commencing June 4, 1942, and ending on the 4th day of June 1947, for the annual rental of $1200 payable monthly at the rate of $100 between the first and tenth day of each month, and I further accept and ratify all the other terms of the said contract of lease."

It was agreed that on April 10, 1946 (nearly four years after the date fixed in the option to purchase), an offer of $14,000 was made by lessor and rejected. The pleadings raised the sole issue; should the contract and

notice be so construed as to require specific perform-
ance? Counsel for appellee contending that the chancel-
lor held correctly cites several foreign cases, some texts
and a few Kentucky authorities which it is claimed have
bearing. The great difficulty in applying these is in the
fact that the wording of the contracts considered are
dissimilar. One contention is that where the contract
grants lessee the option of renewing for an additional
term, it is not necessary to execute a new lease, since
(here) the contract provides the manner of renewing it.
The cases cited show that there is a difference between
an agreement to extend a term and to renew for an ad-
ditional term. In the latter case the general rule is that
there must be a new lease. Grant v. Collins, 157 Ky.
36, 162 S. W. 539, Ann. Cas. 1915D, 249; Miller v. Albany
Lodge No. 206, F. & A. M., 168 Ky. 755, 182 S. W. 936,
but it becomes unnecessary to extend the discussion as
to whether this was a new lease, a renewal upon notice
or an extension of the old one. The question is what
was the intention of the parties as manifested by the
notice. Did it sufficiently manifest an intention to renew
the right of exercising the option to purchase after the
date originally fixed?

Counsel for appellee relies upon certain principles
laid down by text-writer and courts of this and other
jurisdictions, as for instance, 35 C. J., Landlord and
Tenant, Sec. 182: ''An option to purchase, being an in-
tegral part of a lease, is a substantial part of the whole
contract, and is not obnoxious to the objection that
there is a want of mutuality.'' It may be noted that the
same work in Sec. 189 contains this applicable expres-
sion of the law: ''If the time within which the acts are
to be done in order to perfect the right to a conveyance
is expressly limited and made a condition of the right,
the lessee must comply with the condition in that re-
gard, and if the option is not accepted within the time
so limited, it expires unless further time is granted,
* * * or unless the provision is waived.'' Good et al. v.
Evans et al., 296 Ky. 756, 178 S. W. 2d 600; Rounds v.
Owensboro Ferry Co., 253 Ky. 301, 69 S. W. 2d 350.

It is true that some cases under facts stated hold
that the option to purchase is an integral part of the
contract, and if the offer to purchase had been made
under circumstances which would have called for the ap-

plication of equity on the side of appellee, it might have become integral. This rule is based on the principle that where the lease confers the right to purchase during the term, it may be exercised during the renewal upon the same terms and conditions in the original lease, 35 C. J. sec. 182, supra. Cited under this text are cases upholding the principle, and from them it appears that the provision for purchase was "during the term and existence of the lease."

The argument of appellee goes further, insisting that option to purchase was renewed because of the last fourteen words of the notice. There is nothing to indicate a renewal of the option, or an intention to accept or ratify anything more than the "other *terms* of the contract of lease," which we adverted to above. Had the words stopped with "contract" there might be some doubt; had the words used imported more specifically the intention to purchase, the contentions and arguments of appellee would have been forceful. Cases cited by appellee, Cawthon v. McAlister, 217 Ky. 551, 290 S. W. 316, and Montanus v. Buschmeyer, 158 Ky. 53, 164 S. W. 802, throw no light on the question, and it may be noted that in the Cawthon case we said (217 Ky. 551, 290 S. W. 317): "An option is not a sale but a right to exercise a privilege, and only when that privilege has been exercised in the manner provided in the agreement does it become a binding contract."

The ordinary rule of non-severability of contracts of lease with option to purchase has been recognized, but as we have observed these cases, it appears that none of them had to do with contracts where the time to exercise the option to purchase was definitely fixed. This leads to the reasonable conclusion that considering the notice along with the lease, the writer did much to indicate severance or waiver. The fixing of the date lends force to the idea of severability. Spindler v. Valparaiso Lodge, No. 500, Ind., 59 N. E. 2d 895; Napper v. Rice, W. Va., 32 S. E. 2d 41.

It is not difficult to conceive that what the lessee had in mind when giving notice was a purpose to renew the lease. It avoids rather studiously any mention of the option. Had appellee intended a renewal of the preferential right it would have been a simple matter to

have inserted in the notice the words "and the option to purchase." He could not well misconstrue the words "the right to purchase the premises at any time up to June 4, 1942," and the covenant to convey upon payment "within said period." There was nothing to put lessor on notice of lessee's intention to exercise later the option to purchase. There is authority to the effect that an option to purchase is not kept in force unless by specific terms it is included in the renewal. Bennett L. & T., p. 300. This, and the principle that the right to renew, and the option to purchase are severable, is borne out by Mauzy v. Elliott et al., 146 Neb. 865, 22 N. W. 2d 142; Feudtner v. Ross, 74 N. J. Eq. 214, 69 A. 190; Parker v. Lewis, 267 Pa. 382, 110 A. 79; Kruegel v. Berry, 75 Tex. 230, 9 S. W. 863, and in a case strikingly similar as to facts, terms and condition here shown. Petit v. Tourison, 283 Pa. 529, 129 A. 587, 39 A. L. R. 1106, citing cases.

We have concluded that since the contract here limited the time in which the option might be exercised, and that time was not extended specifically or by fair implication, the chancellor erroneously decreed performance. Judgment reversed with directions to set it aside and enter one consistent herewith.