**Ralph PHELPS et al., Appellants,**

v.

**Arthur GOVER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1965.

Cabell D. Francis, Stanford, for appellants.

Leslie C. Gay, Meriel Harris, H. K. Spear, Somerset, for appellees.

HILL, Judge.

Ralph Phelps and Robert Phelps, Jr., brothers, appeal from a judgment which found that an option to purchase a seventeen acre farm given them by the heirs of Thomas and Sally Smith had expired. The lower court also determined other questions incident to the option.

The option in question, undated, entered into in "February or March, 1961," contains the following germane provisions:

"We, the following hereinafter signed and designated parties, do hereby grant and give to Ralph Phelps and Robert Phelps, Jr., * * * the exclusive rights and option to purchase all of our rights, titles and interests in and to the Smith lands located at Elihu, Pulaski County, Kentucky. * * *

"This option shall remain and be in full force and effect up to and including the 10th day of July, 1961. * * *

"In the event the parties are not able to complete, make and deliver a good deed on or before the 10th day of July, 1961, then the parties all agree to extend additional option until a good general warranty deed can be perfected. * * *"

At a meeting during September, 1961, the identical Smith heirs who signed the option presented their "general warranty" deed to appellants in the presence of an attorney for appellants. This attorney stated he could not certify that the deed passed good title. Thereupon the Smith heirs present, apparently impatient with the delay, walked out with the deed still in their possession. During this period and until the end of the year 1961, appellants had possession of the farm and produced tobacco on the six-tenths acre base allowed thereon. One of the Smith heirs "ran" appellant's tenant "off" the farm about the end of 1961. Between April and early June, 1962, the Smith heirs disregarded the option and conveyed the farm to the appellees Arthur and Alma Gover.

The judgment appealed from states:

"* * * it further appearing to the Court after examination of the option herein which was introduced in evidence is invalid because of the want of consideration and all the equities appearing in favor of the plaintiff and is therefore invalid in (sic) unenforceable and the Court further hearing all the evidence and the argument of counsel adjudge as follows: * * * that the defendants, Arthur Gover and Alma Gover, are the owners in fee simple title to the following described lands, same being in issue herein and his title is quieted. * * *"

The Smith heirs were adjudged to recover $351.42 for the usual landlord's share of the income from tobacco and $45 rentals collected by appellants from their tenant.

The complaint alleges there was one outstanding Smith heir who did not sign the proffered deed. The evidence showed two known heirs residing in different states, but that they died without issue before tender of the deed. Thus, the allegation that there was a defect in title was not supported by any evidence. The attorney, who declined to certify that the deed tendered conveyed good and complete title, testified he made a partial check of the title; that he found two affidavits of descent but was unable to tell who the heirs were and so he quit.

In 91 C.J.S. Vendor and Purchaser § 10, p. 856, it is noted that an option must be accepted according to its terms; hence, if by its terms it prescribes certain conditions for its acceptance, such conditions must be performed while the option is still outstanding. Furthermore, the rights of a purchaser in a mere option contract cease on his failure to exercise the option within the time, and on the terms prescribed, and he has no enforceable contract against the vendor. Stewart v. Gardner, 152 Ky. 120, 153 S.W. 3 (1913). In the case at bar, the Smith heirs performed their obligation under the option by tendering the deed, and

the refusal of the appellants to accept the same terminated the option. Therefore, we conclude the appellants' right to exercise the option was forfeited and abandoned by their failure to accept the deed tendered.

The judgment is affirmed.