RENDERED:  OCTOBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0416-MR

SHIRLEY THORNHILL, BY AND
THROUGH STEPHEN D.
THORNHILL, ATTORNEY-IN-FACT                    APPELLANT


                    APPEAL FROM MEADE CIRCUIT COURT
v.            HONORABLE KENNETH H. GOFF, II, JUDGE
                    ACTION NO. 18-CI-00219


ESTATE OF BRIAN LYNN BUTLER,
BY AND THROUGH JIMMY D.
BUTLER, EXECUTOR; AND ESTATE
OF VIRGINIA DOUGLAS MILBURN
CLAYCOMB, BY AND THROUGH
RUTH G. BUTLER, EXECUTRIX                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, McNEILL, AND L. THOMPSON, JUDGES.

McNEILL, JUDGE:  Shirley Thornhill ("Thornhill") appeals from a Meade Circuit

Court declaratory judgment in favor of appellees, Estate of Brian Lynn Butler and

Estate of Virginia Douglas Milburn Claycomb. For the following reasons, we affirm.

This is a will contest case concerning the rights of beneficiaries under the will of Virginia Douglas Milburn Claycomb ("Claycomb"), who died March 22, 2018. Claycomb's will was executed on January 22, 2010. Items V and VI of Claycomb's will provide:

## Item V

I give, devise, and bequeath unto my grandson, Brian Lynn Butler, the option to purchase my 255 acre home place farm located at 200 Claycomb Road, Guston, Ky, 40142, for the sum of Two Hundred and Fifty Thousand ($250,000.00) Dollars, and I further state that he shall have Twelve (12) months from the date of my death to notify my personal representative of his intentions to exercise this option. If he agrees to purchase the property, the net proceeds shall be distributed equally in accordance with Item VI of this my Last Will and Testament. In the event, he does not exercise this option, then I direct my personal representative to sell and convey said home place farm as stated and under the same distributive conditions of Item VI of this my Last Will and Testament.

## Item VI

All the rest and residue of my estate, whether real, mixed or personal, wherever situated, I give, devise, and bequeath unto my beloved daughters, namely Shirley Claycomb Thornhill, Ruth Gail Claycomb Butler, and Shirley Gail Claycomb[.]

At the time of Claycomb's death, Brian Lynn Butler ("Butler"), was severely ill and hospitalized. On May 12, 2018, Butler died. On June 12, 2018, Claycomb's will was probated and Butler's mother, Ruth Gail Butler, was appointed the executrix of Claycomb's estate. Butler's father, Jimmy Butler, was appointed administrator of Butler's estate on June 19, 2018.

On that same day, Thornhill, a beneficiary under Claycomb's will, filed a petition for declaration of rights in the Meade Circuit Court alleging Butler failed to exercise the option prior to his death and asserting her interest in the real property. A bench trial was held on September 9, 2019. At trial, Ruth Gail Butler testified that on April 9, 2018, while Butler was in the hospital, he expressed to her his intent to purchase the farm and finance the purchase. She understood Butler to be exercising the option in Claycomb's will. She further testified that she and Butler spoke about his intent to purchase the farm several times. At the time of these conversations, Ruth Gail Butler had not yet been appointed the executrix of Claycomb's estate.

Following trial, the circuit court entered findings of fact, conclusions of law, and a declaratory judgment in favor of the Estate of Brian Lynn Butler and the Estate of Virginia Douglas Milburn Claycomb. The court found Butler had properly exercised the option by notifying Claycomb's personal representative, Ruth Gail Butler, of his intent to purchase the farm within twelve months of

Claycomb's death. Although Ruth Gail Butler was not Claybomb's personal representative at the time of the notice, the court held that once she was appointed executrix her authority related back, because accepting Butler's notification of his intent to exercise the option was an act within the scope of her authority as executrix, citing *Allison v. Cocke's Executors*, 106 Ky. 763, 51 S.W. 593, 21 Ky. L. Rptr. 434 (1899) and *Carter's Executors v. Carter*, 49 Ky. 327, 10 (B. Mon.) 327, 1850 WL 3573 (1850). This appeal followed.

We review the construction of a will *de novo*. *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010). However, findings of fact made by the trial court shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. Kentucky Rules of Civil Procedure ("CR") 52.01. Findings of fact are not clearly erroneous if supported by substantial evidence. *Hoskins v. Beatty*, 343 S.W.3d 639, 641 (Ky. App. 2011) (citation omitted).

"The 'polar star rule' of wills construction provides that the intention of the testator, if not contrary to the law, controls." *Hammons*, 327 S.W.3d at 448 (citation omitted). "Thus, a court's primary duty is to ascertain and give effect to the testator's intent." *Id.* "To ascertain the testator's intention, it is necessary to first examine the language of the instrument. If the language used is a reasonably

clear expression of intent, then the inquiry need go no further." *Clarke v. Kirk*, 795 S.W.2d 936, 938 (Ky. 1990) (citation omitted).

Thornhill argues the trial court erred in allowing extrinsic evidence as to Claycomb's intent without finding the will ambiguous. At trial, the court allowed testimony concerning an agreement between Claycomb and Butler which allowed Butler to farm Claycomb's land. However, this evidence was irrelevant to the trial court's findings concerning Claycomb's intent, which were based upon the language of the contract alone. Therefore, we find no error.

Pursuant to the will, Butler had the option of purchasing the farm for $250,000.00 if he notified Claycomb's personal representative "of his intentions to exercise th[e] option" within twelve months of Claycomb's death. In its findings of fact, the trial court held

> [i]t is obvious from the language set forth in Virginia's
> Will that Virginia wanted Brian to have an opportunity to
> purchase the farm for $250,000.00. There is
> uncontradicted evidence that Brian exercised his option
> when he advised the Executrix of Virginia Claycomb's
> Estate that he intended to exercise his option.

We agree with the trial court's construction of the will. And its finding that Butler notified Claycomb's representative of his intention to exercise the option is supported by substantial evidence.

Next, Thornhill contends the option was personal to Butler and cannot be exercised by his estate. She argues that since Butler "failed to fully exercise the

option," it terminated upon his death. It appears Thornhill is arguing that since the purchase was not finalized in Butler's lifetime, his estate cannot now complete the purchase. However, "[t]he 'exercise' of an option is merely the election of the optionee to purchase the property. By the use of the word 'accept' in a particular option contract, the parties mean the same as 'exercising' the option." 92 C.J.S. *Vendor and Purchaser* § 171 (2020) (footnotes omitted).

The general rule is that "an option must be accepted according to its terms[.]" *Phelps v. Gover*, 394 S.W.2d 927, 928 (Ky. 1965). Therefore, we look to the language of the will to determine what was required to exercise the option. The will provides that Butler "shall have Twelve (12) months from the date of my death to notify my personal representative of his intentions to exercise this option."

"Where there is no ambiguity, a written instrument is to be strictly enforced according to its terms which are to be interpreted 'by assigning language its ordinary meaning and without resort to extrinsic evidence.'" *Allen v. Lawyers Mut. Ins. Co. of Kentucky*, 216 S.W.3d 657, 659 (Ky. App. 2007) (citing *Island Creek Coal Co. v. Wells,* 113 S.W.3d 100, 104 (Ky. 2003)). The language of the will is clear and unambiguous. To exercise the option, Butler only had to notify Claycomb's personal representative of his intentions to do so within twelve months of her death. The will says nothing about payment. "Where an option contract does not provide for payment of the purchase price at the time of an optionee's

exercise or where such contract is silent as to the time of payment, the general rule is that payment is not a necessary requisite to exercise." 49 AM. JUR. 2d *Landlord and Tenant* § 336 (2020) (footnote omitted).

Once Butler accepted the option, the parties had a binding contract. *Carter v. Frakes*, 303 Ky. 244, 197 S.W.2d 436, 438 (1946). "The representative of a decedent who had a contract to purchase land has both a right and a duty to pay the purchase money and enforce the contract." 31 AM. JUR. 2D *Executors and Administrators* § 527 (2021).

For the foregoing reasons, the judgment of the Meade Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Stephen G. Hopkins
Hardinsburg, Kentucky

BRIEF FOR APPELLEE:

Alec Stone
Brandenburg, Kentucky