## Parker et al., Appellants, v. Lewis et ux.

*Landlord and tenant—Option to purchase—Renewal of lease—Expiration of option—Nonsuit.*

Where a lease for eight years gives the lessee the right to purchase the leased property for a stipulated sum "at any time within five years" from the date of the lease, and this option is not exercised within such time, and the lease is renewed from time to time, "under the same conditions," without the option being revived in any of the renewals, the lessee's executors cannot exercise the option sixteen years after the expiration of the right given to their decedent to purchase. The option died at the expiration of the five years from the date of the regular lease.

Argued March 23, 1920. Appeal, No. 209, Jan. T., 1920, by plaintiffs, from order of C. P. No. 1, Phila. Co., June T., 1918, No. 235, refusing to take off nonsuit in case of Gilbert S. Parker and Ernest L. Parker, executors of Gilbert L. Parker, deceased, v. Henry R. Lewis and Mary J. Lewis, his wife. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract to convey real estate. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was refusal to take off nonsuit.

*L. W. Baxter,* for appellant, cited: Barnes v. Rea, 219 Pa. 279; Lipper v. Bouve, Crawford & Co., 6 Pa. Su-

perior Ct. 452; McClelland v. Rush, 150 Pa. 57; Stetler v. North Branch Transit Co., 258 Pa. 299; Stewart v. Mark, 230 Pa. 626; Moers v. City of Reading, 21 Pa. 188; D'Arras v. Keyser, 26 Pa. 249; Pittsburgh Mfg. Co. v. Fidelity T. & T. Co., 207 Pa. 223.

*John Weaver* and *E. F. Glenn,* for appellee, were not heard.

PER CURIAM, May 3, 1920:

The lease from the appellees to the appellants' decedent, dated November 18, 1896, was for eight years, and gave him the right to purchase the leased property at a stipulated sum "at any time within five years" from the date of the lease. This right he failed to exercise. The lease was renewed, from time to time, "under the same conditions," but only as a lease, for the right or option to purchase had died on November 18, 1901, and was not revived in any of the renewals. The learned trial judge correctly so held in entering the nonsuit in this action, brought by the executors of the deceased to recover damages for the refusal of the appellees to convey the leased property to them, upon their demand made more than sixteen years after the expiration of the right given to their decedent to purchase.

The assignments of error are overruled and the judgment is affirmed.