EDWARD LEWIS, Plaintiff, *v.* FRANCIS A. LUDLAM, Defendant.

(Supreme Court, Nassau County, April, 1921.)

Lease — option to purchase — when specific performance will not be decreed.

> Where a lease provides that if at any time the lessor decides "to sell the premises" the lessees shall have the preference at such sale, specific performance of the option to purchase may not be decreed in the absence of proof that the lessor ever decided or had tried or offered to sell the premises.

ACTION for specific performance of an **option** to purchase.

Henry Amerman, for plaintiff.

McCoun & McCoun, for defendant.

VAN SICLEN, J.  The plaintiff sues for specific performance of an option to purchase as contained in a lease.  In 1912, the plaintiff, together with Joseph B. Meade, as tenants, entered into a lease of certain premises with the defendant as lessee.  The lease contained a privilege of renewal for five years more and an option to purchase the demised premises at the price of $20,000.  At some time before 1916, one McNulty was given some portion of the two lessees' interest in the lease.  Then in 1916, Meade and McNulty assigned all their interest to the plaintiff by and with the knowledge and consent of the defendant, and it must be held that the defendant fully accepted the plaintiff as the sole tenant under the lease.

In 1917, the plaintiff duly exercised his option to renew the lease and it might be held from the facts that the lease was duly renewed for another term of five years or to 1922 and that the defendant accepted the plaintiff as the sole lessee under and by virtue of such renewal.  *Pflum* v. *Spencer,* 123 App. Div. 742, holds that such a renewal renews all the provisions of the lease, except the privilege to renew, and that an option to purchase is extended to cover the period of the renewal.  Under this decision it can be spelled out that although the option ran originally to the two lessees only one of whom is now exercising the privilege, yet the subsequent acceptance of the plaintiff as the sole lessee both under the original lease and the renewal places him in the same position with reference to the option to purchase as the two original

lessees would have been had both continued in occupation of the premises. So that even though there was any force as an abstract proposition, in the defendant's contention that the option was purely a personal agreement between the original parties because the lease does not purport to bind the assigns and legal representatives of the parties, yet it would have no weight in this case.

It is contended that the plaintiff must fail because he demanded more than he had the right to under the option. It may be conceded that the plaintiff demanded more property than he could get under the option but the refusal of the defendant was never placed on that ground. A demand previous to the action was unnecessary and would affect only the question of costs. The description in the demand was apparently the result of a mistaken notion that the lease covered more than that actually used by the plaintiff.

It is conceded that the defendant's wife is not a party to any of the agreements in suit and no judgment can be rendered binding her. Any conveyance found due the plaintiff must be that of the defendant alone and the plaintiff must take the same subject to the inchoate right of dower of the defendant's wife. It has been held in cases of specific performance of the ordinary contract of purchase that the husband may not successfully resist a specific performance of his contract to convey because his wife will not join in the deed and that an abatement in the purchase price would be allowed in case she refused to join in the deed. And there is no doubt that abatement is authorized in this case. *Rockland-Rockport Co.* v. *Leary,* 139 App. Div. 939; affd., 203 N. Y. 469.

The most serious question in this case, however, arises from the fact that the option or preference

which the plaintiff had is qualified by and depends upon the following expression of the lease: "If at any time said lessor decides to sell said premises, the said lessees shall have the preference at such sale." There is no proof in the record that the lessor ever decided to sell the premises or that he had tried or offered to sell them. It is clear that he never gave any consideration to the plaintiff's attempts to exercise his preference or option. There is nothing from which an inference can be drawn that the lessor cared to sell the premises and it seems clear enough that the preference extended to the plaintiff was wholly dependent upon a desire or an intention on the part of the defendant to dispose of the property. No decision on the precise point has been cited by either party and the court has been unable to find any in this state. In the case of *Bullock* v. *Cutting,* 155 App. Div. 825, the parties assumed that the expression of such a desire or intention was a necessary prerequisite to the enforcement of the tenant's option. The following cases of other jurisdictions hold that such an option must necessarily be predicated on some expressed desire on the part of the landlord to sell. *McCormick* v. *Stephany,* 61 N. J. Eq. 208; *Devitt* v. *Kaufman County,* 27 Tex. Civ. App. 66; *Schroeder* v. *Gemeinder,* 10 Nev. 355.

So that even if the infirmities of the plaintiff's case by reason of the change in parties, the manner of renewal, the demand for more property than the option covered, the failure to have the defendant's wife bound and a somewhat incomplete tender, might be sufficiently resolved in his favor to warrant a judgment, yet the failure to show a desire to sell presents an insuperable obstacle to relief. The complaint must be dismissed.

Complaint dismissed.