GEORGE MASSET, Appellant, *v.* CLARA RUH, Respondent.

**Vendor and purchaser — lease, with option of renewal and option to purchase during term and existence of lease — lessee may exercise option at any time during term of renewed lease.**

Where the owner of property leased it to plaintiff for the term of three years, with option of renewal for three years from expiration of lease on same terms and conditions and also with " right and option to purchase said property," and another, in which the lessors lived, for a specific price " at any time during the term and existence of the lease," and plaintiff exercised his option to renew the lease some time before its expiration and thereafter, and before the expiration of the lease, as renewed, he sought to purchase the two properties for the price named in the option but the owner refused to convey, plaintiff can maintain an action to compel specific performance of the agreement. Under the agreement, the option " could be exercised at any time during the term and existence of the lease," and the lease, as renewed, did not expire until nearly a year later. Holding a lease for the full term of six years the plaintiff might demand a conveyance at any time during that time. (*Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334, followed.)

*Masset* v. *Ruh,* 202 App. Div. 522, reversed.

(Submitted March 16, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1922, unanimously affirming a judgment in favor of defendant entered upon

a dismissal of the complaint by the court on trial at Special Term.

*Charles Pearle* for appellant. The option to purchase, by its own terms, continued during the renewal period. (*Swan* v. *Inderlied,* 187 N. Y. 375; *Orr* v. *Doubleday,* 223 N. Y. 334.)

*Nicholas Dietz* for respondent. The option to purchase did not survive the expiration of the original term of three years, to wit, August 15, 1919, assuming the option is valid. (*Rutgers* v. *Hunter,* 6 Johns. Ch. 214; *Willis* v. *Astor,* 4 Edw. Ch. 591; Chaplin on Landl. & Ten. 299; Woods on Landl. & Ten. 935; *Trustees, etc.,* v. *Gerbert,* 57 N. J. L. 395; *Lester A. C. Works* v. *Selby,* 68 N. J. Eq. 271; *Madison Athletic Assn.* v. *Britton,* 60 N. J. Eq. 160.)

ANDREWS, J. On August 9, 1916, the premises No. 295 Ridgewood avenue, Brooklyn, was occupied as a garage. On No. 291 was a dwelling. Both were owned by Clara and Louis Ruh as tenants by the entirety. On that day they leased No. 295 to the plaintiff for the term of three years. The lease contained the provisions that the lessee was given " option of renewal for three years from expiration of lease on same terms and conditions," and that " the parties of the first part give the party of the second part the right and option to purchase the premises 291 and 295 Ridgewood avenue for the sum of $10,000 at any time during the term and existence of lease." A few days later Louis Ruh died. In April, 1919, the plaintiff exercised his option to renew the lease. In November, 1920, he sought also to exercise the option to purchase the two parcels for $10,000. A conveyance was refused and this action was begun to compel specific performance of the agreement. In the courts below it has been held that the plaintiff was too late. The sole question before us that needs consideration is whether this is so.

We think he was not. The option " could be exercised

at any time during the term and existence of lease." The lease did not expire until August, 1922. We so held in *Orr* v. *Doubleday, Page & Co.* (223 N. Y. 334, 340.) " The exercise by the defendant of the privilege of renewal," we said, " extended the term of the lease for the additional period of ten years as a present demise for the full term of twenty years, the last half of which was to take effect at the termination of the first, at the option of the defendant. A new lease for the additional years was not necessary. * * * The language in question of the lease at bar means that the demise was for ten years absolutely and for ten additional years in case the lessee so elected. * * * The lease is a present demise of the premises. * * * Inasmuch as the defendant holds the premises for the full term of twenty years by virtue of the original lease, no question as to the application of the Statute of Frauds arises."

So here, holding a lease for the full term of six years, the plaintiff might demand a conveyance at any time during that time.

The judgments appealed from should be reversed and judgment should be directed for the plaintiff, with costs in all the courts.

Hogan, Cardozo, Pound, McLaughlin and Crane, JJ., concur; Hiscock, Ch. J., absent.

Judgment accordingly.