## Signor, Appellant *v.* Keystone Consistory A. A. S. R.

*Landlord and tenant—Option to purchase—Extension of option —Extension of lease.*

An option must be considered as an independent clause in a lease, and its extension does not operate to reform that instrument, as it referred solely to the option. The option, at the end of the extension, expired by its own limitation.

Argued April 18, 1923.   Appeal, No. 52, Jan. T., 1924; by plaintiff, from decree of C. P. Lackawanna Co., March T., 1923, No. 13, dismissing bill in equity, in case of A. M. Signor v. Keystone Consistory A. A. S. R., Scranton, Pa.   Before WALLING, SIMPSON, KEPHART, SADLER, and SCHAFFER, JJ.   Affirmed.

Bill in equity for specific performance.   Before SEARLE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Hugh B. Andrews,* and *A. A. Vosburg,* for appellant, cited: Cooper v. Shaver, 101 Pa. 547; Meanor v. Mc-Kowan, 4 W. & S. 302; Meigs v. Lewis, 164 Pa. 597.

*Clarence Balentine,* for appellee, cited: Parker v. Lewis, 267 Pa. 382.

OPINION BY MR. JUSTICE KEPHART, May 7, 1923:

Appellant's lease for one year from April 1, 1921, contained the following provisions: "The lessee shall have the refusal......during the period of six months from the date hereof" to buy said property.   "The consideration for this option is the sum of one dollar, in addition

to one thousand dollars paid by lessee for a like option which has now expired. If the option shall be exercised it shall be for cash on or before October 1, 1921." On the 30th of September, 1921, the lessee secured an extension of the option in the following language: "The lessee's option to purchase the demised premises, as defined in the tenth paragraph of the lease, dated April 1, 1921, is extended to March 31, 1922." The lessee remained in possession until April 1, 1922. The lessee did not exercise his option at this time, but secured a renewal of the lease for the additional term of one year from March 31, 1922, in the following language: "The within mentioned demise is extended and continued for the period of one year, so that the term shall expire on March 31, 1923. All and singular the terms, conditions, stipulations and covenants of the within indenture to be continued with like effect to all legal intents and purposes as if contained in a new and formal indenture of lease."

The lessor sold the property, and, on March 6, 1923, the lessee gave notice that he would exercise his option. It is lessee's contention that not only is the paper dated September 30, 1921, written into the lease as though it were a part thereof, but that the effect of the renewal of the lease was to continue the option for an additional year from March 31, 1922. We cannot agree to that conclusion, although it is not necessary to decide the question in this case. See Parker *v.* Lewis, 267 Pa. 382.

The option must be considered as an independent clause in the agreement, giving the lessee the right to purchase the property within the time specified. It may be considered as part of the agreement in so far as it described the persons and the property, but the extension of September 30th, did not operate to reform that instrument. It referred solely to the option, and was not a part of the original lease, except as it extended the particular time there mentioned to a future date. It expired by its own limitation. On March 31, 1922, and there-. after, this paper had no effect. The renewal of that date

continued the lease for another year; giving lessee all he could. possibly claim under that renewal, it extended the option a further period of six months. He now proposes to exercise it eleven months and five days after the renewal lease became effective. This he cannot do. It follows, the court below was entirely right in refusing to decree specific performance, even if the case was not covered by our decision in Parker v. Lewis, supra.

The decree of the court below is affirmed.