# Pettit *v.* Tourison, Appellant.

*Landlord and tenant—Lease—Renewal of lease—Option to purchase.*

1. Where a lessor granted "the privilege of renewing" the lease for a term specified "under the terms and conditions as herein covenanted"; and further grants the lessee the right to purchase the property "at any time during the term of this lease," for an amount stated, the lessee has no right to insist, in renewing the lease, that the new contract shall contain the option to purchase the premises.

2. The option to purchase is an independent clause in the lease; it forms no part of the demise, and is not necessary for the continuance of the tenancy.

3. To renew a lease means a leasing again of the premises; it implies that another lease is to be executed.

Argued April 22, 1925.   Appeal, No. 290, Jan. T., 1925, by defendant, from decree of C. P. No. 1, Phila. Co., March T., 1923, No. 10466, for plaintiff, on bill in equity, in case of N. Allan Pettit v. Ashton S. Tourison.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Decree modified.

Bill for specific performance.   Before BARTLETT, P. J. The opinion of the Supreme Court states the facts. Decree for plaintiff.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Fred. W. Breitinger,* with him *Fred. L. Breitinger,* for appellant.—There is a distinction between a covenant to renew and a covenant to extend.

As the option to purchase was not exercised during the term of the original lease, it expired by limitation: Parker v. Lewis, 267 Pa. 382.

The option to purchase, though incorporated in the lease, was a separate and independent covenant and not

one of the terms of the lease: Rutgers v. Hunter, 6 Johns Ch. N. Y. 24; Swigert v. Hartzell, 20 Pa. Superior Ct. 56; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Signor v. Keystone Consistory, 277 Pa. 504.

*G. Ruhland Rebmann, Jr.,* and *Edmonds & Ober-mayer,* for appellee.—In so far as the rights of the parties during the renewal term are concerned, there is no distinction between a covenant to renew and a covenant to extend: Harding v. Seeley, 148 Pa. 20; McDonald v. Karpeles, 61 Pa. Superior Ct. 496; Shand v. McCloskey, 27 Pa. Superior Ct. 260.

A proper interpretation of the contract is that the lessee has the right to purchase during the renewal term: Owen's Est., 28 Pa. Dist. R. 667; Diller v. Roberts, 13 S. & R. 60.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1925:

This case involves the construction to be placed upon a written lease, which provided for a term of seven years from June 1, 1916, at an annual rental of $2,500, payable in monthly payments; it contained the following provisions: "11. The lessor grants unto the lessee the privilege of renewing this lease for a term of five years after the expiration of the seven-year term ending June 1, 1923, under the same terms and conditions as herein covenanted." "14. The lessor grants unto the lessee the right to purchase the property herein described at any time during the term of this lease for the sum of $35,000 cash."

The question presented is, Whether the lessee, upon electing to renew the lease, has the right to insist that the new contract shall contain the option to purchase the demised premises which was given in the original writing.

The lessee notified the lessor of his election to renew for a further period of five years and demanded that the new lease should contain the option to purchase which

had been incorporated in the original.  The lessor agreed to renew, but refused to execute a lease containing a provision giving an option to purchase during the five-year renewal term, whereupon the lessee filed this bill for specific performance.  The court below entered a decree directing the lessor to execute and deliver to the lessee a new lease for a term of five years on the same terms and conditions set forth in the original agreement, and to include therein the provision granting to the lessee the option to purchase the premises.  From this decree the lessor appeals.

The privilege of renewing the lease for a further term, and the option given to purchase the property, confer separate and distinct rights and powers upon the lessee.  The first has reference to a continuance of the tenancy, the latter confers upon the lessee the power to terminate the tenancy and to become the absolute owner of the property.  The option to purchase is not an essential covenant of the lease, nor is it a term and condition of the demise.  There are many covenants which are often found in leases which are independent and not essential parts of the demise, which, without express agreement to that effect, are not to be incorporated in renewals thereof, such as a covenant to renew or any covenant that has been fulfilled and is not continuous.  For example, the rule is well established that a lease containing a covenant to renew at expiration upon the same terms and conditions is fully carried out by one renewal without the insertion of another covenant to renew: Swigert v. Hartzell, 20 Pa. Superior Ct. 56; Winslow v. Baltimore & Ohio R. R. Co., 188 U. S. 646; Note 14 A. L. R. 948.

The option to purchase is an independent clause in the lease, giving the lessee the right to purchase the property within the time specified: Signor v. Keystone Consistory, 277 Pa. 504.  It may be treated as a part of the agreement in so far as it describes the persons and the property, but it forms no part of the demise and was not

necessary for the continuance of the tenancy. Under the language of the present lease the provision for renewal has reference to the continuance of the tenancy for a further period of five years, and the renewal operates only to continue the agreement as a lease: Parker v. Lewis, 267 Pa. 382. Had the parties intended that the option to purchase was to be extended beyond the original term, it would have been easy to have employed apt language to express such an agreement by providing for the exercise of the option not only "during the term of *this* lease," but during the renewal term. The lessee has not elected to exercise the right to purchase the demised premises, he has elected to continue the tenancy by the exercise of the renewal privilege, and insists that the provision for the renewal of the tenancy carried with it an extension of the right to purchase for a further term of five years. To sustain plaintiff's contention, the option to purchase would have to be treated as one of the terms of the lease relating to the continuance of the tenancy for which the privilege of renewal is given, or the provision conferring the right to purchase would have to be enlarged by reading into it a right to exercise the option during the renewal term. This cannot be done.

A second reason for our conclusion is that the privilege given lessee under the eleventh paragraph is "of *renewing* this lease." To renew a lease means a leasing again of the premises (Aaron v. Woodcock, 283 Pa. 33), or in other words it implies that another lease is to be executed. It is to be noted, however, that the option to purchase the property given in the fourteenth paragraph is "during the term of *this* lease."

We have examined other decisions where, under the terms of agreements involved in those cases, the conclusion was reached that the option to purchase could be exercised during the renewal term: Maughlin v. Perry and Warren, 35 Md. 352 (at any time during the *tenancy*) ; Thomas v. G. B. S. Brewing Co., 102 Md. 417,

62 Atl. 633 (the entire *agreement* with all *its* provisions and covenants was to continue in force); Waters v. Wambach, 140 Md. 253, 117 Atl. 751 (same); and Masset v. Ruh, 235 N. Y. 462, 139 N. E. 574 (at any time during the existence of the *leasing*). The lease in question confers no such right upon the lessee. It is clear the limit which the parties by their agreement provided in this case was that the lessee should have the privilege of purchasing the demised premises at any time during the original seven year term, and, in the event the tenancy was not terminated sooner by the purchase of the property or otherwise, that the lessee should have the privilege of renewing the tenancy for a further period of five years.

The decree of the court below is modified so as to exclude the requirement that defendant grant to plaintiff the option to purchase the premises; costs to be paid by appellee.