Leonard Morgenthaler, Plaintiff, v. Theresa Nemeth and Peter D. Nemeth, Defendants, Respondents, and Nada Petersen, Also Known, etc., Defendant, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

The People of the State of New York, Respondent, v. Sol Ginsberg, Appellant.— Motion to enlarge time granted upon condition that appellant perfect the appeal for the June term, for which term the case is ordered on the calendar. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

The People of the State of New York, Respondent, v. Joseph Pasquale, Appellant.— Motion to enlarge time granted upon condition that appellant perfect the appeal for the June term, for which term the case is ordered on the calendar. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

Roseth Realty Co., Inc., Respondent, v. David Dornstreich, Defendant. Steel-Crete Homes Co., Inc., Appellant; Zashin Realty Corporation and Others, Defendants.— Motion to resettle order granted and order resettled by inserting in the first paragraph of the decretal part thereof the following words: " and that said judgment be further modified by eliminating from said judgment all reference to the validity and effect of the prior sale." Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

George S. Baker, Appellant, v. Clara A. Baker, Respondent.— Order denying motion to vacate order of arrest affirmed, with ten dollars costs and disbursements, and without prejudice to an application to cancel the undertaking given on the order of arrest, upon compliance with the provisions of section 1171 of the Civil Practice Act. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

Catherine Boecher, Respondent, v. Tollner & Draycott, Inc., Defendant. Herman A. Miller, Appellant.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. We are of opinion that the paper writing of April 20, 1922, was not a renewal of the option of purchase contained in the original lease. It purports to be a lease for five years from August 1, 1921, with a renewal privilege of such a tenancy only for a further five years. It contains no language indicating the existence of an option to purchase. The only right to such an option is contained in the original lease, and that option was good for ten years. (*Masset* v. *Ruh*, 235 N. Y. 462.) If upon the new trial it shall be satisfactorily shown that the option was exercised within the ten-year period, the plaintiff should prevail. If exercised after the ten-year period, more will have to be shown than the present record contains to connect the appellant with the transaction in such a way as to bind him to the exercise of the option at that time. Findings of fact inconsistent herewith are reversed and the conclusions of law are reversed. Lazansky, P. J., Kapper, Hagarty and Scudder, JJ., concur; Rich, J., concurs in result. Settle order on notice.